UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY K. MORRISON,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:12-cv-1021-EFB<br><br><br><br>ORDER |

Plaintiff filed this action in April 2012, seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income under Title XVI of the Social Security Act. This court previously denied plaintiff's motion for summary judgment, granted the Commissioner's cross-motion for summary judgment, and entered judgment accordingly. ECF Nos. 22, 23. Plaintiff now moves for relief from that judgment pursuant to Federal Rule of Civil Procedure ("Rule") 60(b). ECF No. 31. For the following reasons, the motion is denied.

I.  Background

The court denied plaintiff's motion for summary judgment, granted the Commissioner's cross-motion for summary judgment and entered judgment in the Commissioner favor on September 30, 2013.[1]  ECF Nos. 22, 23.

---

[1] The court held that the ALJ's decision finding that plaintiff was not disabled under

1

Plaintiff filed a motion to alter or amend the judgment pursuant to Rule 59(e) on October 30, 2013. ECF No. 24. Plaintiff subsequently withdrew that motion,[2] ECF No. 28, but later, on September 26, 2014, filed the instant motion under Rule 60(b). ECF No. 31. This motion requests that the court consider additional evidence that, although part of the record before that ALJ, was not included in the records filed by the Commissioner. Plaintiff argues that this additional evidence warrants vacating the prior judgment and a remand of the matter back to the Commissioner for further consideration. Defendant argues that the motion is untimely and that the new evidence does not warrant disturbing the court's judgment. ECF No. 33.

II.     Discussion

Plaintiff contends that she is entitled to relief under Rule 60(b) due to excusable neglect and mistake. ECF No. 31 at 1. The excusable neglect and mistake, in turn, are attributed to the Commissioner's alleged failure to include all evidence in the administrative record. *Id.* at 2. The background to this argument is as follows.

In her motion for summary judgment, plaintiff argued, among other things, that the ALJ erred by failing to credit opinions from treating physician Dr. Germine, Associate Social Worker Sara Wubben, and Marriage Family Therapist Watlia Dubonnet. ECF No. 16 at 22-23. Although plaintiff's motion for summary judgment failed to specifically identify any opinion that was provided by Dr. Germine and rejected by the ALJ, plaintiff argued that Sara Wubben and Watlia Dubonnet opined that plaintiff was unable to work due to her impairments. *Id.* at 24. In advancing this argument, plaintiff cited to exhibit 10F.

The order denying plaintiff's motion for summary judgment noted that the court had independently reviewed the record and was unable to find any opinion from Dr. Germine that assessed plaintiff's functional limitations. ECF No. 22 at 8. As for Sara Wubben's and Watlia

---

section 1614(a)(3)(A) of the Social Security Act was supported by substantial evidence and that the proper legal standards were applied. ECF No. 22.

[2] The Commissioner explains in her opposition that the Rule 59 motion was withdrawn after she notified plaintiff that the motion was untimely. ECF No. 33 at 2; *see also* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

Dubonnet's opinions that plaintiff was unable to work, the court noted that the administrative record filed with the court did not contain exhibit 10F or any evidence supporting the purported opinion. The court also noted that in the Commissioner's cross-motion for summary judgment, counsel represented that she had also completed a thorough review of the record, with could not locate any such evidence. *Id*. Of particular concern here, the court further observed that plaintiff's counsel had an opportunity to file a reply brief addressing defense counsel's contention that the alleged medical opinion was not in the record, yet counsel failed to do so. The court addressed plaintiff's failure to rectify this issue in a reply brief with the following footnote:

> Plaintiff's counsel's failure to correct or withdraw the representation is troubling. To the extent that there is evidence containing a relevant opinion, plaintiff's counsel should have addressed it and properly cited to it. If the representation was factually inaccurate, as it certainly appears to have been, counsel has a duty to correct it. At the very least, counsel should have done so in a reply to defendant's representation that no such evidence exists in the record. Assuming plaintiff's counsel's representation was a mistake and not an attempt to mislead, upon learning of his mistake counsel should have promptly corrected it with an explanation that the representation was based on a mistaken belief that such an opinion was in the record rather than allowing the misrepresentation to remain in place. Judicial resources have been wasted combing the administrative record for an opinion that does not appear to exist.

*Id*. at 9 n.6. There is simply no excuse for counsel not to have timely taken steps to correct the administrative record after it was filed but prior to the submission of cross-motions for summary judgment.

Ultimately, the court rejected plaintiff's argument that the ALJ failed to consider the purported opinions from Dr. Germine, Sara Wubben, and Watlia Dubonnet, as well as the other arguments raised in her motion for summary judgment. Accordingly, plaintiff's motion was denied, the Commissioner's was granted, and judgment was entered accordingly.

Plaintiff now argues that the Commissioner's failure to include records from Dr. Germine, Sara Wubben, and Watlia Dubonnet, resulted in an erroneous judgment and that the error was due to mistake or excusable neglect. ECF No. 31. The evidence that the Commissioner apparently failed to include in the administrative record consists of treatment notes from Dr. Germine, dated from June through October 2009, August 17, 2009, and October 2009; a public assistance form

1    signed by Sara Wubben and Watlia Dubonnet, in which they opined that plaintiff was unable to
2    work due to her limitations; and various progress notes. ECF Nos. 31-4, 31-8.
3        The instant motion now makes clear that this evidence is not new in the sense that they
4    were never considered by the ALJ. Indeed, they were. Exhibits submitted with plaintiff's motion
5    demonstrate that plaintiff's counsel faxed these documents to the ALJ on August 26, 2009,
6    approximately two months before plaintiff's administrative hearing. *Id*. As noted by plaintiff, the
7    exhibit list appended to the ALJ decision reflects that these documents were part of the record
8    before the ALJ. ECF No. 31-5 (identifying 10F as medical records from "Siskiyou Beh. Hlth.,"
9    dated June 20, 2009 through October 20, 2009). Thus, these documents were admitted into the
10   record during the administrative proceedings and were considered by the ALJ, but the
11   Commissioner failed to include them in the administrative record filed with this court.
12       The Commissioner argues that plaintiff's Rule 60(b) motion should be denied as untimely
13   and that, in any event, plaintiff has failed to show that the evidence that was omitted from the
14   record would a warrant remand for further proceedings. ECF No. 33.
15       As noted, neither the Commissioner's neglect in omitting the records nor plaintiff's
16   neglect in failing to raise the issue in a timely manner is excusable. But the neglect is mutual.
17   Neither party should benefit from it. However, regardless of the timeliness issued, the instant
18   motion must be denied on its merits. Plaintiff argued in her motion for summary judgment that
19   the ALJ erred by rejecting opinions from Dr. Germine, Sara Wubben, and Watilia Dubonnet
20   without explanation. ECF No. 21-24; *see* ECF No. 22 at 8. This court held the ALJ did not err in
21   evaluating evidence from these sources. As for Dr. Germine, the court's "independent review of
22   the record fail[ed] to yield an opinion by Dr. Germine assessing plaintiff's functional limitations."
23   ECF No. 22 at 8. Simply put, the record was devoid of any opinion from Dr. Germine for the
24   ALJ to accept or reject. Thus, the court held that the ALJ did not err in failing to credit an
25   opinion from Dr. Germine.
26       The omitted documents, which are now before court, do not change that result. Those
27   documents also fail to include any opinion from Dr. Germine assessing plaintiff's functional
28   /////

1    limitations.  Thus, the ALJ, who had those documents, did not err in rejecting Dr. Germine's
2    ultimate opinion due to the absence of any such assessment.
3          As for Sara Wubben and Watlia Dubonnet, the additional documents include a public
4    assistance form signed by these individuals, in which they opined that plaintiff was unable to
5    work due to her limitations.  ECF No. 31-4 at 7.  This opinion, however, goes to the ultimate
6    issue of disability, a determination specifically reserved for the Commissioner.  *Ukolov v.*
7    *Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2006) (holding that an opinion "is not binding on an ALJ
8    with respect to the existence of an impairment or the ultimate determination of disability.").
9    Moreover, as conceded by plaintiff, neither Ms. Wubben nor Ms. Dubonnet are acceptable
10   medical sources.  ECF No. 16 at 17; *see* 20 C.F.R. § 416.913(a).  As this court observed, "[s]ince
11   neither can be consider a treating physician, the ALJ was not required to provide clear and
12   convincing reasons to reject their opinions."  ECF No. 22 at 8.  Thus, their opinion, which is now
13   before the court, provides no basis for disrupting the ALJ's finding.
14         The remaining omitted documents consist of miscellaneous progress notes, which
15   primarily document the medications plaintiff was prescribed.  ECF No.31-4 at 6; ECF No. 31-8 at
16   3, 4, 6, 7.  These documents provide little to no insight into plaintiff's specific functional
17   limitations.  Thus, even had the Commissioner filed a complete record with this court, plaintiff
18   would still not have been entitled to judgment in her favor.[3]
19   /////
20   /////
21   /////

---

[3] As noted, the court is troubled by plaintiff's counsel's decision to address the omission of documents for the first time in this post-judgment motion.  Plaintiff's counsel should have initially discovered that documents were missing from the record when he was preparing plaintiff's motion for summary judgment.  Counsel, had an obligation to review for completeness the administrative record filed in this case, but instead apparently chose to rely on extra-record documents that were not before the court.  ECF No. 31 at 6.  Apart from this lapse in judgment, plaintiff's counsel still had a prejudgment opportunity to rectify the problem.  As noted, the Commissioner's cross-motion specifically stated that she "has carefully reviewed the record and has been unable to locate any documents matching Plaintiff's description."  ECF No. 21-1 at 18.  Thus, counsel could and should have addressed the matter in a reply brief, but filed nothing in reply and again declined to take steps to correct the matter.

1 According, it is hereby ORDERED that plaintiff's motion for relief from judgment (ECF
2 No. 31) is denied.
3 DATED: May 19, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE